95 N.J. Super. 284 (1967)
230 A.2d 895
THE BOARD OF EDUCATION OF THE CITY OF ELIZABETH IN THE COUNTY OF UNION, A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
THE BOARD OF SCHOOL ESTIMATE OF THE ELIZABETH SCHOOL DISTRICT, THE CITY OF ELIZABETH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND CITY COUNCIL OF THE CITY OF ELIZABETH, UNION COUNTY, NEW JERSEY, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1967.
Decided June 8, 1967.
*285 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Joseph G. Barbieri argued the cause for plaintiff Board of Education.
*286 Mr. William J. McCloud argued the cause for the defendants City of Elizabeth and the Board of School Estimate (Mr. Edward W. McGrath, City Attorney, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Elizabeth is a chapter 6 school district, governed by R.S. 18:6-1 et seq. Plaintiff board of education (hereafter Education) asked defendant board of school estimate (hereafter Estimate) for a budget of $8,652,304.13 for the school year 1966-1967. Estimate reduced it by $400,000 and asked the city council (hereafter Council) for $8,252,304.13. Council approved only $7,952,304.13.
R.S. 18:6-53 provides that in a chapter 6 school district, upon receipt of the request from Estimate:
"The governing body of a municipality shall * * * appropriate the amount certified * * * by including it in the tax ordinance, and such amount shall be assessed, levied and collected in the same manner as money appropriated for other purposes in such municipality is assessed, levied and collected. No amount in excess of one and one-half per cent of the valuation of the assessable ratables of any municipality as determined by the county board of taxation shall be appropriated except with the concurrence and consent of the governing body expressed by its resolution duly passed."
One and one-half percent of the valuation of the assessable ratables of Elizabeth amounted to $4,460,654.10, so the amount approved by Council was nearly 3 1/2 million beyond the mandatory minimum.
Education filed a complaint in lieu of prerogative writs against Estimate and Council in the Law Division, in which it challenged the action of Council and demanded judgment "(a) directing the defendant City to appropriate the * * * $8,252,304.13 * * * certified to it by the Board of School Estimate * * *, or, (b) directing further consideration by the defendants herein in order to properly arrive at a proper * * * appropriation."
We understand plaintiff's argument to be as follows: Council must appropriate all that is requested by Estimate over *287 and above the mandatory 1 1/2% or reject it in toto; if Council rejects it in toto, Estimate may reconsider its request and reduce the figure, which then must be approved or disapproved by Council in toto; if Estimate stands by its figure and Council by its rejection, the Commissioner of Education must decide how much Council must approve; in any event, Council must confer with Estimate and attempt to arrive at a mutually satisfactory figure before Council may refuse to concur and consent. Plaintiff contends that here there was no effort at all by Council to come to an agreement with Estimate.
Judge Feller rejected plaintiff's arguments, and plaintiff appeals from so much of the resulting judgment as reflects such rejection.
Judge Feller held that Council was not required to confer with Estimate as a condition precedent to its own action. We agree. R.S. 18:7-82 provides that in a chapter 7 school district, when the voters reject the budget twice, the governing body "after consultation" with the board of education "shall within ten days after receipt of the proposed school budget from the board of education, certify * * * the amount * * * which the governing body * * * [determines] to be necessary to provide a thorough and efficient system of schools * * *." On the other hand, in chapter 6 school districts R.S. 18:6-53 merely requires the governing body to concur and consent to what Estimate asks, and says not one word about consultation. We must assume that the difference in the choice of words reflects the intention of the Legislature that there need be no such consultation in chapter 6 districts, probably because Education and Council are represented on Estimate.
Judge Feller also held that Council is not required to concur and consent to all or nothing, but may consent to as much or as little above the statutory minimum as it chooses. For this proposition he cited his previous opinions in Barber v. Board of School Estimate of Elizabeth, 71 N.J. Super. 556 (Law Div. 1962), and Gualano v. Board of School Estimate of Elizabeth School Dist., 72 N.J. Super. 7 (Law Div. *288 1962), affirmed 39 N.J. 300 (1963). We agree with this holding also.
Finally, he held that when an amount approved by Council is not sufficient to provide "for the maintenance and support of a thorough and efficient system of free public schools" mandated by Art. VIII, Sec. IV, par. 1 of the 1947 State Constitution (which is not alleged here), the remedy is by appeal to the Commissioner of Education. Board of Education, E. Brunswick Tp. v. Township Council, E. Brunswick Tp., 48 N.J. 94 (1966). From the portion of the judgment which reflected this holding of the court, defendants cross-appealed. We agree with Judge Feller's holding on this point also.
Affirmed. No costs.